UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Victor M. Parraga,
and other similarly situated individuals,

       Plaintiff, (s)

v.

Wicked Cantina 1 Inc.,
The Wicked Taco, Inc.,
d/b/a Wicked Cantina
and Michael E. Dolan, individually

       Defendants,

_____/

## **COLLECTIVE ACTION COMPLAINT**
### (OPT-IN PURSUANT TO 29 USC § 216(b))

      COMES NOW the Plaintiff Victor M. Parraga, by and through the undersigned counsel, and hereby sues Defendants Wicked Cantina 1 INC., The Wicked Taco, INC., d/b/a Wicked Cantina, and Michael E. Dolan, individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. Accordingly, this Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219,

§ 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff Victor M. Parraga is a resident of Manatee County, within the jurisdiction of this Honorable Court. Therefore, Plaintiff is a covered employee for purposes of the Act.

3. Defendants Wicked Cantina 1 INC., The Wicked Taco, INC., d/b/a Wicked Cantina are Florida corporations operating in Manatee and Sarasota Counties, within the jurisdiction of this Court. At all times, Defendants were and are engaged in interstate commerce.

4. Individual Defendant Michael E. Dolan is the owner/partner/officer and manager of Wicked Cantina 1 INC., The Wicked Taco, INC., d/b/a Wicked Cantina. This individual Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2., Defendants Wicked Cantina 1 INC., The Wicked Taco, INC., d/b/a Wicked Cantina are a joint enterprise, and joint employers of Plaintiff.

6. All the actions raised in this Complaint took place in Manatee and Sarasota Counties, Florida, within the jurisdiction of this Court.

<u>Factual Allegations</u>

7.  This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after March 2019 (the "material time") without being compensated minimum overtime wages pursuant to the FLSA.

8.  Defendants Wicked Cantina 1 INC., The Wicked Taco, INC., d/b/a Wicked Cantina are retail businesses operating a chain of Mexican restaurants under the common name of "Wicked Cantina." Defendants have locations in Manatee and Sarasota Counties.  Plaintiff worked at Wicked Cantina located at  6237 Signature Pointe LN, Bradenton, FL, and also at Wicked Cantina located at 1603 N TamiamiTrail, Sarasota, FL 34236.

9.  Pursuant to 29 U.S.C. § 203 (r)(1), Defendants Wicked Cantina 1 INC., The Wicked Taco, INC., d/b/a Wicked Cantina are a joint enterprise because 1) the two companies have the same or related business activities; 2) the two companies operated out of the same location; 3) the two companies shared centralized management, equipment, and supplies; 4) Defendants operated as

a single unit for a common business purpose; 5) between Defendants existed unified operation and common control, and they operated as a single unit; 6) Defendants shared a common business purpose, the profitable operation of Wicked Cantina; 7) Defendants had an interdependent financial interest; 8) and existed common ownership and management.

10. Pursuant 29 C.F.R. §791.2. Defendants Wicked Cantina 1 INC., The Wicked Taco, INC., d/b/a Wicked Cantina were joint employers because 1) Defendants through their owner/manager Michael E. Dolan had equal and absolute control over the Plaintiff and other employees similarly situated; 2) Defendants through their management jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 3) Defendants operated the two facilities where Plaintiff and the other similarly situated employees worked; 4) the work performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of Wicked Cantina 1 INC., The Wicked Taco, INC., d/b/a Wicked Cantina; Plaintiff was paid with company checks from the two corporations 6) The two corporations had the power to hire and to fire employees from Wicked Cantina 1 INC., The Wicked Taco, INC., d/b/a Wicked Cantina.

11. Therefore, because the work performed by Plaintiff and other similarly-situated individuals simultaneously benefited all Defendants and directly or

indirectly furthered their joint interest, Defendants Wicked Cantina 1 INC., The Wicked Taco, INC., d/b/a Wicked Cantina are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1). They are also joint employers as defined in 29 C.F.R. §791.2.

12. Defendants Wicked Cantina 1 INC., The Wicked Taco, INC., d/b/a Wicked Cantina are the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer," (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

13. Defendants Wicked Cantina 1 INC., The Wicked Taco, INC., d/b/a Wicked Cantina hereinafter will be called collectively "Wicked Cantina."

14. Defendant Wicked Cantina and individual Defendant Michael E. Dolan employed Plaintiff Victor M. Parraga from approximately March 17, 2019, to August 12, 2021, or 125 weeks.

15. During his employment with Defendants, Plaintiff was a tipped employee, and he performed two positions with different wage rates during the same week.

16. Plaintiff performed as a waiter, and he was paid the Florida minimum wage rate for tipped employees for 2019, 2020, and 2021, or $5.44, $5.56, and $5.63, plus tips.

17. Plaintiff also performed as a bartender, and he was paid at the wage rate of $6.00 an hour plus tips.

18. Plaintiff worked within the same week as a waiter and as a bartender at Wicked Cantina located at 6237 Signature Pointe LN, Bradenton, FL, and also at Wicked Cantina located at 1603 N TamiamiTrail, Sarasota, FL 34236.

19. Plaintiff had a very irregular schedule. He never knew the location he would be working, which position, how many days, or how many hours.

20. Plaintiff worked consistently 5 and 6 days, or an average of 50 hours weekly between the two restaurants.

21. Most of the time, Plaintiff was paid with two checks/paystubs from the two separate corporations. One check covered the hours worked in the Bradenton jobsite and the other check covered the hours worked in the Sarasota jobsite. Each paystub showed less than 40 hours worked at each location, but if added together, evidently Plaintiff worked more than 40 hours per week, for an average of 10 overtime hours per week.

22. Plaintiff complained a few times, but Defendants explained to him that he was working for two different corporations, and he was not entitled to overtime payment.

23. Sometimes Plaintiff was paid with only one check that showed more than 40 hours. Then, he was paid overtime compensation for a fraction of the overtime worked by Plaintiff but calculated at an incorrect rate.

24. Sometimes Plaintiff noticed that he was not paid for all his regular hours. He was not in agreement with the number of hours paid to him every week.

25. During his employment with Defendants, Plaintiff worked more than 40 hours weekly, but he was not paid for overtime hours.

26. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff in its two locations.

27. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

28. Plaintiff was not in agreement with the number of hours worked, the wages received, the lack of overtime compensation, and he complained a few times. Nevertheless, Defendants explained to him that he was working for two different corporations, and he was not entitled to overtime payment.

29. On or about August 6, 2021, Plaintiff noticed many missing working hours, and he complained to General Manager Clarence LNU. Plaintiff demanded to be paid for all his missing hours and overtime hours.

30. As a result, on or about August 12, 2021, General Manager Clarence LNU fired Plaintiff and refused to pay him his vacations that had already been approved.

31. Plaintiff is not in possession of time and payment records. However, he will provide a good faith estimate of unpaid overtime hours.

32. Plaintiff seeks to recover overtime hours, retaliatory damages, liquidated damages, as well as any other relief as allowable by law.

33. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>Collective Action Allegations</u>

34. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

35. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

36. This action is intended to include every waiter, restaurant employee, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

37. Plaintiff Victor M. Parraga re-adopts every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

38. Defendant Wicked Cantina was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Mexican restaurant. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

39. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions and selling alcohol. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

40. Defendant Wicked Cantina and individual Defendant Michael E. Dolan employed Plaintiff Victor M. Parraga from approximately March 17, 2019, to August 12, 2021, or 125 weeks.

41. During his employment with Defendants, Plaintiff was a tipped employee, and he performed two positions.

42. Plaintiff performed as a waiter, and he was paid the Florida minimum wage rate for tipped employees for 2019, 2020, and 2021, or $5.44, $5.56, and $5.63, plus tips.

43. Plaintiff also performed as a bartender, and he was paid at the wage rate of $6.00 an hour plus tips.

44. Plaintiff worked within the same week as a waiter and bartender at Wicked Cantina located at 6237 Signature Pointe LN, Bradenton, FL, and at Wicked Cantina located at 1603 N TamiamiTrail, Sarasota, FL 34236.

45. Plaintiff worked consistently 5 and 6 days, or an average of 50 hours weekly between the two restaurants.

46. Most of the time, Plaintiff was paid with two checks/paystubs from the two separate corporations. One check covered the hours worked in the Bradenton jobsite and the other check covered the hours worked in the Sarasota jobsite. Each paystub showed less than 40 hours worked at each location, but if added

together, evidently Plaintiff worked more than 40 hours per week, for an average of 10 overtime hours per week.

47. Sometimes Plaintiff was paid with only one check that showed more than 40 hours. Then, he was paid overtime compensation for a fraction of the overtime worked by Plaintiff, but the overtime was miscalculated.

48. Plaintiff worked more than 40 hours weekly during his employment with Defendants, but he was not paid for overtime hours.

49. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff in its two locations.

50. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

51. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

52. Plaintiff is not in possession of time and payment records. Still, before the completion of discovery, he will provide a good faith estimate of unpaid overtime wages based on his best knowledge. Plaintiff will adjust his statement of claim according to discovery.

53. *Florida's minimum wage is higher than the federal minimum wage. Therefore, as per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Twelve Thousand Two Hundred Fifty-Eight Dollars and 30/100 ($12,258.30)

b. <u>Calculation of such wages</u>:

Total weeks of employment:  125 weeks
Total relevant number of weeks: 125 weeks
Total number of hours worked: 50 hours average
Total number of unpaid O/T hours: 10 O/T hours average

**1.- Unpaid O/T from March 17, 2019, to December 31, 2019, or 41 weeks**

Total relevant number of weeks: 41 weeks
Total number of hours worked: 50 hours average
Total number of unpaid O/T hours: 10 O/T hours average
      Florida min. wage 2019: $8.46 x 1.5=$12.69-$3.02 tip credit=$9.67
O/T rate: $9.67 an hour

O/T rate $9.67 x 10 hours=$96.70 weekly x 41 weeks=$3,964.70

**2.- Unpaid O/T 2020, or 52 weeks**

Total relevant number of weeks: 52 weeks
Total number of hours worked: 50 hours average
Total number of unpaid O/T hours: 10 O/T hours average
Florida min. wage 2020: $8.56 x 1.5=$12.84-$3.02 tip credit=$9.82

O/T rate: $9.82 an hour
O/T rate $9.82 x 10 hours=$98.20 weekly x 52 weeks=$5,106.40

**3.- Unpaid O/T 2021, or 32 weeks**

Total relevant number of weeks: 32 weeks
Total number of hours worked: 50 hours average
Total number of unpaid O/T hours: 10 O/T hours average
Florida min. wage 2021: $8.65 x 1.5=$12.98-$3.02 tip credit=$9.96
O/T rate: $9.96 an hour
O/T rate $9.96 x 10 hours=$99.60 weekly x 32 weeks=$3,187.20
Total Periods #1, #2, and #3: $12,258.30

c. <u>Nature of wages (e.g., overtime or straight time):</u>

   This amount represents unpaid overtime wages.

54. At all times material hereto, the Employers/Defendants failed to comply with

Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff

and those similarly situated performed services and worked more than the

maximum hours provided by the Act. Still, the Defendants made no provision

to properly pay him at the rate of time and one half for all hours worked in

excess of forty hours (40) per workweek as provided in said Act.

55. At times mentioned, individual Defendant Michael E. Dolan was the

owner/partner, and he directed operations of Wicked Cantina. Defendant

Michael E. Dolan was the employer of Plaintiff and others similarly situated

individuals within the meaning of Section 3(d) of the "Fair Labor Standards

Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the

interests of Wicked Cantina concerning its employees, including Plaintiff and others similarly situated. Defendant Michael E. Dolan had financial and operational control of the business, provided Plaintiff with his work schedule, and he is jointly and severally liable for Plaintiff's damages.

56. Defendants knew and showed a reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act. Plaintiff and those similarly situated are entitled to recover double damages.

57. Defendants Wicked Cantina and Michael E. Dolan willfully and intentionally refused to pay Plaintiff Victor M. Parraga overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

58. Plaintiff seeks to recover unpaid overtime wages accumulated from hiring to his last day of employment.

59. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

WHEREFORE, Plaintiff Victor M. Parraga and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Victor M. Parraga and other similarly situated and against the Defendants Wicked Cantina and Michael E. Dolan, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Jury Demand</u>

Plaintiff Victor M. Parraga and those similarly situated demand trial by a jury of all issues triable as of right by jury.

**<u>COUNT II:</u>**
**<u>FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3);</u>**
**<u>RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS</u>**

60. Plaintiff Victor M. Parraga re-adopts every factual allegation stated in paragraphs 1-36 of this Complaint as if set out in full herein.

61. Defendant Wicked Cantina was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Mexican restaurant. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

62. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions and selling alcohol. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

63. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

64. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the

employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

65. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

66. Defendant Wicked Cantina and individual Defendant Michael E. Dolan employed Plaintiff Victor M. Parraga from approximately March 17,  2019, to August 12, 2021, or 125 weeks.

67. During his employment with Defendants, Plaintiff was a tipped employee, and he performed two positions.

68. Plaintiff performed as a waiter, and he was paid the Florida minimum wage rate for tipped employees for 2019, 2020, and 2021, or $5.44, $5.56, and $5.63, plus tips.

69. Plaintiff also performed as a bartender, and he was paid at the wage rate of $6.00 an hour plus tips.

70. Plaintiff worked consistently 5 and 6 days, or an average of 50 hours weekly between the two restaurants.

71. Most of the time, Plaintiff was paid with two checks/paystubs from the two separate corporations.  One check covered the hours worked in the Bradenton jobsite and the other check covered the hours worked in the Sarasota jobsite. Each paystub showed less than 40 hours worked at each location,  but if added together, evidently Plaintiff worked more than 40 hours per week, for an average of 10 overtime hours per week.

72. During his employment with Defendants, Plaintiff worked more than 40 hours weekly, but he was not paid for overtime hours.

73. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff in its two locations.

74. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

75. Plaintiff was not in agreement with the number of hours worked, the wages received, the lack of overtime compensation, and he complained a few times. Nevertheless, Defendants explained to him that he was working for two different corporations, and he was not entitled to overtime payment.

76. On or about August 6, 2021, Plaintiff noticed many missing working hours, and he complained to General Manager Clarence LNU.  Plaintiff demanded to be paid for all his missing hours and overtime hours.

77. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

78. As a result, on or about August 12, 2021, General Manager Clarence LNU fired Plaintiff.  At the time of the unfair termination, General Manager Clarence LNU refused to pay Plaintiff his vacations that had already been approved.

79. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

80. The termination of Plaintiff Victor M. Parraga by the Defendants was directly and proximately caused by unjustified retaliation against Plaintiff because he complained about missing hours and missing payment for overtime hours, in violation of the FLSA.

81. Moreover, Plaintiff's termination came just in temporal proximity immediately after Plaintiff participated in protected activity.

82. At times mentioned, individual Defendant Michael E. Dolan was the owner/partner, and she directed operations of Wicked Cantina. Defendant Michael E. Dolan was the employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards

Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of Wicked Cantina concerning its employees, including Plaintiff and others similarly situated. Defendant Michael E. Dolan had financial and operational control of the business, provided Plaintiff with his work schedule, and she is jointly and severally liable for Plaintiff's damages.

83. Defendants Wicked Cantina and Michael E. Dolan willfully and maliciously retaliated against Plaintiff Victor M. Parraga by engaging in a retaliatory action that was materially adverse to a reasonable employee and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

84. The motivating factor which caused Plaintiff Victor M. Parraga to be fired from the business, as described above, was his complaints about missing payment for regular hours and the Defendants' unlawful lack of payment for overtime hours.   In other words, Plaintiff would not have been fired but for his complaints about tips, regular and overtime wages.

85. Defendants' adverse actions against Plaintiff Victor M. Parraga were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

86. Plaintiff Victor M. Parraga has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Victor M. Parraga respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff Victor M. Parraga by Defendants Wicked Cantina and Michael E. Dolan was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants Wicked Cantina and Michael E. Dolan, awarding Plaintiff Victor M. Parraga liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable Attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

<u>JURY DEMAND</u>

Plaintiff Victor M. Parraga demands trial by a jury of all issues triable right

by a jury.

Dated:  November 16, 2021

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:       (305) 446-1500
Facsimile:        (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*